IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 21-1732-RGA |
| | : |
| ATTORNEY GENERAL OFFICE, et al., | : |
| | : |
| Defendants. | : |

Shantell D. Newman, Wilmington, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 7, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

 Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She filed this case as a "tort transfer action." (D.I. 2-1). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

 The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff refers to an occurrence date of December 5, 2021, but the body of the Complaint otherwise refers to events that occurred in 2014. Plaintiff went to the office of then Delaware Attorney General Beau Biden in 2014, was held against her will and then taken to a mental hospital. (D.I. 2 at 3-4). At some point she was released, and then lost her Section 8 housing "over lies." (*Id*. at 4). Plaintiff seeks camera footage from 2014 and refers to this matter as a landlord/tenant issue that has lasted seven years. (*Id*.). Plaintiff states that she may be homeless again because of the "tort transfer action" that is now taking place. (*Id*.). The Complaint goes on to allege that Plaintiff's children, at least one of whom is an adult, "have been almost murdered by police." (*Id*. at 5-6). Plaintiff seeks 3.5 million dollars in damages and "Newmans Law." (*Id*. at 6).

## SCREENING OF COMPLAINT

 A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id*. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  See id. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Connelly v. Lane Constr. Corp., 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

## DISCUSSION

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 275 (1985).  In Delaware, § 1983 claims are subject to a two-year limitations period.  See 10 Del. C. § 8119; Johnson v. Cullen, 925 F .Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.  See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986).  "Although

3

the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Accordingly a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint alleges wrongful acts occurred in 2014.  Plaintiff did not commence this action until December 8, 2021.  Hence, it is evident from the face of the Complaint that all claims that accrued prior to December 8, 2019 are barred by the two year limitations period.  They will be dismissed.

While Plaintiff refers to December 5, 2021, as a date of occurrence, the Complaint does not indicate what happened on that date, other than her son was in a vehicle that was stopped by the police.   In addition, Plaintiff checked the box that there is a United States Government defendant.  But no such defendant is identified, and nothing in the narrative hints at a United States Government defendant.  She does name "Cities Insurance Company" as a defendant, but nothing in the narrative hints at why she did that.  She names the Newport Police Department, and says she is paying a fine to it.  She does not refer to any constitutional violations or federal statutes.  Rather she asserts this is a "tort transfer action."  It is unclear what this means.  What is clear is that, with the dismissal of the section 1983 claim, this Court should not exercise supplemental jurisdiction over any state claims.

Finally, Plaintiff may not raise claims on behalf of her children to the extent that is her intent.  She is not an attorney.   As a non-attorney, Plaintiff may not act as an

attorney for other individuals, including her children, and may only represent herself in this court.  28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).  Therefore, the Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) to the extent it seeks to assert a section 1983 claim on behalf of Plaintiff.  Any other claims, whether state law claims asserted on behalf of Plaintiff, or claims asserted on behalf of her children, will be dismissed without prejudice.  The Court finds amendment futile.

An appropriate Order will be entered.